# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

TEVIN RATLIFF,

                Petitioner,      :         Case No. 2:25-cv-1170

      - vs -                       District Judge Douglas R. Cole
                                   Magistrate Judge Michael R. Merz

SHELBIE SMITH, Warden,
  Belmont Correctional Institution,

                               :
              Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This is an action brought *pro se* by Petitioner Tevin Ratliff pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus to obtain release from confinement imposed as part of the judgment of the Cuyahoga County Court of Common Pleas upon his conviction for murder with a firearm specification. The case is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 4) and the Warden's Return of Writ (ECF No. 5). Although reminded by the Court of his opportunity to file a reply to the Return by December 29, 2025 (ECF No. 6), Petitioner has not done so.

**Litigation History**

Ratliff was indicted by a Cuyahoga County grand jury on one count of aggravated murder

in violation of Ohio Revised Code § 2903.01(A) with one-year and three-year firearm specifications. One count of felony murder, one count of murder in violation of Ohio Revised Code § 2903.02(B) with parallel specifications, and one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(1), again with parallel firearm specifications (Indictment, State Court Record, ECF No. 4, Ex. 1).   He pleaded not guilty and the case was tried to a jury which found him not guilty of aggravated murder but guilty of the other two counts and of the specifications, despite his own testimony at trial.  After relevant mergers under Ohio Revised Code § 2941.25, he was sentenced to eighteen years to life imprisonment.

Ratliff appealed to the Ohio Eighth District Court of Appeals asserting the trial court erred when it refused to instruct on self-defense and involuntary manslaughter (Appellant's Brief, State Court Record, ECF No. 4, Ex. 15).  The Court of Appeals affirmed. *Id.* at Ex. 17.  The Ohio Supreme Court allowed a delayed appeal but declines to exercise jurisdiction. *Id.* at Ex. 27.

Petitioner then filed his Petition in this Court, pleading the following grounds for relief:

> **Ground One:** Petitioner was denied due process of law and a fair trial where the trial court usurp[ed] the province of the jury as finder of fact.
>
> **Supporting Facts:** The trial court weighed evidence instead of performing a sufficiency analysis when making a decision on self-defense instruction. At the presentation of evidence, the defense asked for a self-defense instruction. Despite the forensic evidence and petitioner's testimony, the trial court declined, stating that "it is not enough that the evidence in favor generate only a mere stipulation of possible doubt. On appeal, counsel presented Petitioner's version of events and the forensic evidence that supported his claim of self-defense. Rather than consider this evidence in the light most favorable to the defendant, or analyze the trial court's failure to do the same, the Court of Appeals held that the defendant has the initial burden of production and engaged in its own weighing of the evidence to find that no juror could have reasonably concluded he acted in self-defense. Like in Palmer, the trial court and the Eighth District assumed the role of the factfinder, found that the defendant did not act in self-defense, and refused to

endorse the appropriate action. The trial court weighed the state's evidence and the petitioner's evidence and determined that the defense had not proven their case beyond a reasonable doubt and declined to give the instruction.

**Ground Two:** Petitioner Asserts That The State Law Violation Relating to the Self-defense instruction and sufficiency/weight of evidence claim, Amounts To A Fundamental Miscarriage Of Justice And A Violation Of The Right To Due Process In Violation Of The United States Constitution. *Floyd V. Alexander*, 148 F.3d 615, 619, (6th Cir.), Cert. Denied, 525 U.S. 1025, 119 S. Ct. 557, 142 L. Ed. 2d 464 (1998).

1.  Denial of Equal Application of State Law.

**Supporting Facts:** The Petitioner presented the exact same issue to the court of appeals and Ohio Supreme Court as presented in *State v. Palmer*, and his case should have been decided according to *Palmer*, however, both court went against its own clearly established law.

**Ground Three:** Where there is conflicting evidence on a self-defense claim factor, the jury should decide that factor. Where the trial court declines to instruct the jury on self-defense based on their own weighing of evidence's credibility, they usurp the province of the jury as finder of fact, in derogation of a defendant's right to a trial by jury in violation of due process and right to a trial.

**Supporting Facts:** The trial court and court of appeal looked at the persuasiveness of evidence rather than the adequacy of the evidence, as was done in *State v. Palmer*. The tow [sic] court's acted as if they needed to be definitively shown that Petitioner acted in self-defense before a self-defense instruction was warranted. This goes beyond mere error correction as a result, much like *Palmer*, two court fundamentally misunderstood the law surrounding self-defense instruction.

(Petition, ECF No. 1).

The Warden concedes that the Petition was timely filed (Return, ECF No. 5, PageID 1626).

However, the Warden asserts that Ratliff's claims are not cognizable in habeas corpus.

3

# Analysis

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Taken together, Ratliff's three grounds for relief argue that he was entitled to a self-defense jury instruction as a matter of due process of law and therefore failure to give that instruction violated his right to due process and a fair trial under the United States Constitution. However, a habeas petitioner is entitled to relief only if he can show the State court's decision violated clearly established federal law by being contrary to or an objectively unreasonable application of holdings of the United States Supreme Court.  28 U.S.C. § 2254(d)(1).

To show that jury instructions are contrary to federal law is "not easy because 'instructional errors of state law generally may not form the basis for federal habeas relief.'" *Keahey v. Marquis,* 978 F.3d 474 (6th Cir. 2020), citing *Gilmore v. Taylor*, 508 U.S. 333, 344 (1993). To prevail, a habeas petitioner "must show that such a botched interpretation violated clearly established United States Supreme Court decisions. And even then, he still must show that the mistake violated concrete Supreme Court holdings," *Id.* citing *Marshall v. Rodgers*, 569 U.S. 58, 61 (2013), not

generalized principles, citing *Woods v. Donald,* 575 U.S. 312, 318 (2015).

The Ohio General Assembly has recently made several significant changes to the defense of self-defense in Ohio.  Self-defense remains an affirmative defense.  Previously it was required to be proven by a preponderance of the evidence.  Now Ohio law provides that if the defendant produces sufficient evidence "tending to prove self-defense," the burden shifts to the State to disprove at least one element of self-defense by proof beyond a reasonable doubt.  But the recent statutory changes do not change the role of the trial judge in deciding whether sufficient evidence has been produced to justify giving a self-defense instruction.

Furthermore, and more importantly, changes in state court process, even if mandatory, do not become part of the "due process" commanded by the Fourteenth Amendment.  "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

Accordingly, the Magistrate Judge agrees with Respondent that Petitioner's jury instruction claims do not state a claim cognizable in habeas corpus.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that

the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

be permitted to proceed *in forma pauperis*.


January 13, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.