**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TEVIN RATLIFF,**

**Petitioner,**

**v.**

**WARDEN, BELMONT CORRECTIONAL INSTITUTION,**

**Respondent.**

**Case No. 2:25-cv-1170**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Merz**

**OPINION AND ORDER**

In his January 13, 2026, Report and Recommendation, Magistrate Judge Merz recommends that the Court dismiss Tevin Ratliff's Petition for Writ of Habeas Corpus (Doc. 1) because Ratliff's jury instruction claims do not state a claim cognizable in habeas corpus. (R&R, Doc. 7, #1640–41). For the reasons explained below, the Court **ADOPTS** the R&R (Doc. 7) and **DISMISSES** Ratliff's petition **WITH PREJUDICE**.

**BACKGROUND**

Cuyahoga County prosecutors charged Ratliff with aggravated murder, felony murder, and felonious assault, all "in connection with the shooting death of Samuell Bell." *State v. Ratliff*, 2023-Ohio-1970, ¶ 3 (8th Dist.). To make a long story short, Ratliff shot and killed Bell during an altercation involving a woman with whom both men shared a history. *Id.* ¶¶ 4–21. A jury convicted Ratliff of murder and felonious assault but acquitted him of aggravated murder. *Id.* ¶ 22. The trial court sentenced Ratliff to an aggregate life sentence with parole eligibility after 18 years. *Id.*

Ratliff admitted at trial that he in fact shot and killed Bell, but argued that he did so in self-defense. *Id.* ¶¶ 20–22. The jury heard conflicting evidence on that point. Ratliff took the stand and testified that Bell had a firearm that he brandished and pointed at Ratliff threateningly, and that Bell shot first. *Id.* ¶¶ 18–20. Other witnesses, though, testified that Bell did not have a gun during the altercation, that Ratliff shot first, and that Ratliff shot Bell for the thirteenth and final time while standing over him. *Id.* ¶¶ 10–15.

At trial, Ratliff requested a jury instruction on self-defense. *Id.* ¶ 22. But after hearing arguments from both sides, the court denied the request. *Id.* The denial of that jury instruction is the basis of Ratliff's habeas petition before this Court.

Ratliff first appealed the issue in state court, but the Ohio court of appeals rejected his claim. *See generally id.* The appeals court said that, under Ohio law, a trial court must give a self-defense instruction to the jury if, when viewing the "evidence in a light most favorable to the defendant without regard to credibility," there is "conflicting evidence on the issue." *Id.* ¶ 28 (citation omitted). But the appeals court found that even after "[v]iewing the evidence in a light most favorable to Ratliff, the evidence d[id] not support a self-defense claim" in his case. *Id.* ¶ 33. That was because the evidence Ratliff provided (primarily his own testimony), even if taken as true, did nothing to refute the various forms of evidence demonstrating that "Ratliff caused the affray, violated a duty to retreat, and used excessive force to defend himself." *Id.* Because each of those invalidated Ratliff's self-defense argument, the court found that the trial court reasonably denied the instruction. *Id.* ¶¶ 27, 33

(citation omitted). Ratliff both requested en banc reconsideration by the Ohio appellate court and sought review in the Ohio Supreme Court. (Doc. 1, #4–5). But the respective courts denied both requests. *Id.*

That brings us to the instant petition for habeas relief. In it, Ratliff raises three grounds, each of which stems from the state trial court's denial of his requested self-defense jury instruction: (1) that the denial violated his due process rights under the Constitution; (2) that the denial violated state law in such a manner to constitute a fundamental miscarriage of justice; and (3) that the denial violated his right to trial by jury. (*Id.* at #7–10).

On January 13, 2026, Magistrate Judge Merz issued his R&R (Doc. 7) recommending that the Court dismiss the petition with prejudice. The R&R found all three grounds failed for the same reason: "jury instruction claims do not state a claim cognizable in habeas corpus." (*Id.* at #1641). The Magistrate Judge then gave Ratliff fourteen days to lodge specific objections to the R&R. (*Id.* at #1642). Further, the Magistrate Judge advised Ratliff that failing to object to the R&R would result in a waiver of rights on appeal. (*Id.*); *see also* 28 U.S.C. § 636(b)(1)(C) (providing that, when ruling upon a magistrate's recommendation, a "judge of the court shall make a de novo determination" only as to "those portions of the report or specified proposed findings or recommendations to which objection is made"). It has now been six months and Ratliff has not objected.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that review extends only to "any portion to which a proper objection was made." *Id.* (quotation omitted). For unobjected portions of an R&R, by contrast, the petitioner has forfeited his right to such review. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Still, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Because this is a habeas action under AEDPA, another standard comes into play as well. Specifically, "[c]laims adjudicated on the merits in state court," as the claims were here, "are barred in federal habeas proceedings, unless the state-court decision meets one of the exceptions outlined in 28 U.S.C. § 2254(d)." *Johnson v. Bobby*, 170 F.4th 523, 530 (6th Cir. 2026) (citing *Harrington v. Richter*, 562 U.S. 86, 97–98 (2011)). Those two exceptions provide that a federal court may only grant habeas relief if "the decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court or (2) based on an unreasonable determination of the facts given the evidence presented to the state court." *Id.* at 530–31 (citing 28 U.S.C. § 2254(d); *Richter*, 562

U.S. at 97–98, 100). "The petitioner carries the burden of proving that he has met this standard." *Id*. at 531 (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)).

## LAW AND ANALYSIS

The Magistrate Judge recommends that the Court deny Ratliff's petition and dismiss this action with prejudice. (Doc. 7, #1641). And because Ratliff did not timely object, indeed he did not object at all, the Court reviews the R&R for clear error.[1] *Redmon*, 2021 WL 4771259, at *1. Especially considering the deferential standard of review that applies to habeas claims under AEDPA right from the outset, the Court finds no clear error in the R&R's treatment of any of the three grounds Ratliff raises.

As the Magistrate Judge notes, all three grounds for relief boil down to a claim that the trial court's failure to give the self-defense jury instruction violated his constitutional rights. (Doc. 7, #1640). Specifically, Ratliff contends that refusing to give that instruction violated both his due process rights and his right to trial by jury. (Doc. 1, #7–10). The R&R finds that such claims fail for a simple reason—because they would rest on a violation of state law, claims based on a denial of self-defense jury instructions do not state a cognizable claim in habeas corpus. (Doc. 7, #1640–41). Finding no clear error in that holding, at least as applied to the facts here, the Court agrees.

Indeed, the case the R&R cites, *Keahey v. Marquis*, 978 F.3d 474 (6th Cir. 2020), makes clear that the Sixth Circuit has largely foreclosed habeas relief along

[1] Ratliff did attempt to file a traverse after the Magistrate Judge issued the R&R. (*See* Doc. 8). However, the Magistrate Judge struck that traverse on timeliness grounds. (*See* Doc. 9). Regardless, that filing does not discuss the R&R, let alone raise objections.

those lines. There, the Sixth Circuit affirmed a denial of a habeas petition alleging a constitutional right to a self-defense instruction explaining that because "the Supreme Court has never clearly established [a] constitutional right to a self-defense instruction," there is no relevant precedent that a state court could "unreasonably apply" under AEDPA. *Id.* at 479–80. True, other circuits, citing *Mathews v. United States*, 485 U.S. 58, 63 (1988), have found that defendants do have a due process right to a self-defense instruction if the evidence so warrants it. *See Lannert v. Jones*, 321 F.3d 747, 754 (8th Cir. 2003); *Hagenno v. Yarborough*, 253 F. App'x 702, 704 (9th Cir. 2007); *see also Bradley v. Duncan*, 315 F.3d 1091, 1098 (9th Cir. 2002) (finding that a failure to instruct a jury on the defense of entrapment violated the defendant's due process rights). But in *Keahey*, the Sixth Circuit explicitly departed from that line of cases, finding that *Mathews* was in fact not a constitutional case. *Keahey*, 978 F.3d at 480–81. And as this Court sits in the Sixth Circuit, it is bound by Sixth Circuit precedent.[2]

Given the lack of Supreme Court precedent on the jury instruction issue, for Ratliff to present an AEDPA-cognizable claim, he would need to show that the state court unreasonably denied a self-defense jury instruction in a manner so unjust that

[2] Dicta in *Keahey* further suggests that self-defense is a "state-created, not federally required, defense," such that a trial court's failure to instruct on it is "at worst merely … an error of state law," not a constitutional violation. *Id.* at 479 (quoting *Eaglin v. Welborn*, 57 F.3d 496, 501 (7th Cir. 1995) (en banc)) (other citations omitted). This Court is not so sure. Could a state, consistent with the Constitution, elect to deny its citizen any right to self-defense? *See Montana v. Egelhoff*, 518 U.S. 37, 56 (1996) (plurality) (dictum) (suggesting that the historical record may support "the right to have a jury consider self-defense evidence" as being "fundamental"). The Court need not reach that issue here, though, so it declines to explore it more fully.

it violates some other established right—e.g., the right to present a defense or the right to a trial that comports with fundamental fairness. *See Keahey*, 978 F.3d at 479. The Court agrees with the R&R; that did not happen here. Or, at the very least, the Magistrate Judge did not commit clear error in reaching that conclusion.

The Magistrate Judge also recommends that, because reasonable jurists would not disagree with the above conclusion, Ratliff be denied a certificate of appealability. He further recommends that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous, meaning Ratliff be not permitted to proceed in forma pauperis. The Court agrees with the Magistrate Judge on both fronts. Accordingly, the Court denies a certificate of appealability and certifies that an appeal would be objectively frivolous.

## CONCLUSION

For the reasons discussed above, the Court **ADOPTS** the R&R (Doc. 7). As a result, the Court **DISMISSES WITH PREJUDICE** Ratliff's Habeas Petition (Doc. 1). Because the Court further agrees with the Magistrate Judge that reasonable jurists would not disagree with these conclusions, the Court **DENIES** Ratliff a certificate of appealability and **CERTIFIES** that any appeal of this Opinion and Order would be objectively frivolous. Accordingly, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

**SO ORDERED.**

July 28, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**